George "Mickey" MAYES and John Gregory Fox, Plaintiffs,

v.

INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 106, Defendant.

No. 86–CV–924.

United States District Court, N.D. New York.

Aug. 28, 1986.

Walter, Thayer & Long, Albany, N.Y., for plaintiffs; Lanny E. Walter, of counsel.

Lombardi, Reinhard, Walsh & Harrison, P.C., Albany, N.Y., for defendant; Thomas J. Jordan, of counsel.

## MEMORANDUM–DECISION AND ORDER *

McAVOY, District Judge.

This is an action commenced by two union members, plaintiffs George "Mickey" Mayes and John Gregory Fox, against their union, defendant International Union of Operating Engineers, Local 106 (the "Union"), wherein the plaintiffs allege violations of sections 101(a)(1) and (2) of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. §§ 411(a)(1) and (2), and breach of the constitution and bylaws of the Union. Currently before the Court is the plaintiffs' application for a temporary restraining order and/or preliminary injunction:

1) requiring the Union to list the offices of Business Manager and President separately on the ballot for an upcoming union election scheduled for August 26, 1986;

2) requiring the Union to list plaintiff Mayes as the lone candidate for President on the aforementioned ballot; and

3) barring five particular candidates from appearing on the ballot because of their failure to comply with attendance requirements set forth in the Union's constitution.

The Union opposes this application and has cross-moved to dismiss the plaintiffs' claims for lack of subject matter jurisdiction. Jurisdiction herein is claimed to be based upon section 102 of the LMRDA, 29 U.S.C. § 412, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a). For the reasons set forth below, the plaintiffs' motion is denied and the present action is dismissed.

---

* On August 25, 1986, the Court rendered on oral decision from the bench on this matter. This decision is being issued for the purpose of further explaining and clarifying the Court's ruling.

## FACTS

On November 5, 1985, at a meeting of the Union's Executive Board (the "Board"), it was decided by the Board that an amendment to the Union's bylaws would be presented to the Union's members at their next full meeting. The proposed amendment called for the consolidation of the offices of Union President and Business Manager into a single position. On November 26, 1985, this proposal was presented to the Union and was passed by a majority of the members present at the meeting. During the meeting, some concern was expressed by Ralph "Pete" Hanna, a Board member, that the amendment to the bylaws was not being promulgated in accordance with Article XV of the Union's bylaws in that Union members had not been provided with prior notice of the proposed amendment and no secret ballot had been used to vote on the amendment. *See* Affidavit of G.M. Mayes in Support of the Plaintiffs' Motion ("Mayes' Affidavit"), dated August 12, 1986, Exh. "B". In response to Hanna's statement, W.J. LaBarge, the Union's Business Manager, stated that the amendment was being passed pursuant to Article XXIV, subdivision 12, of the Union's constitution, which did not require prior notice to Union members of the proposed amendment or use of a secret ballot. *Id.*, Exh. "G". This apparently quelled Mr. Hanna's concern and the amendment was passed without objection. Soon thereafter, the amendment received the approval of the international union and went into effect.

On June 24, 1986, the Union held a general meeting during which nominations for Union offices were made. At that time, plaintiff Mayes was nominated separately for the offices of President and Business Manager. The person nominating Mayes was then reminded that those two offices had been consolidated and Mayes was placed on the ballot as a nominee for the consolidated office. By letter dated August 3, 1986, plaintiff Mayes notified the

Union's Election Committee of his objection to the consolidation of the offices of President and Business Manager and again requested that he be placed on the election ballot as a nominee for two positions. This request has not been honored.

On July 22, 1986, the next general meeting of the Union was held. Under Article XXIV, subdivision 1, section (b) of the Union's constitution, no nominee for elected office in the Union shall be eligible for the election unless the nominee "shall have been in regular attendance at all regularly scheduled Local Union membership meetings and home district membership meetings held after nomination and before elections, subject, however, to a reasonable excuse based upon good cause such as physical incapacity or death in family." Mayes Affidavit, Exh. "G". Seven nominees for Union office were absent from the July 22 meeting. As a result, plaintiff Mayes sent a letter to the Union, dated July 28, 1986, requesting that five of the nominees be excluded from the ballot because of absence from the meeting without good cause. By letter dated August 1, 1986, the Union's counsel informed plaintiff Mayes that all of the individuals had proffered legitimate explanations for their absence and would be included on the ballot.

On August 14, 1986, the plaintiffs commenced the present action. One day later, they filed the application for a temporary restraining order and/or preliminary injunction that is presently before the Court. The gravamen of the plaintiffs' complaint is that if the August 26 Union election proceeds with the ballot that has been prepared by the Union for the election, the plaintiffs will have been deprived of their rights to vote effectively in union elections, to nominate candidates for union office, to participate in and vote on the business discussed at union meetings, and to express views, arguments or opinions concerning candidates for union office and business discussed at union meetings. The plaintiffs are not seeking to enjoin the election. They only request that the changes in the ballot discussed above be implemented by the Court prior to the election.

## DISCUSSION

Before considering the merits of the plaintiffs' claims, the Court must first determine whether it has the authority under the LMRDA to grant the relief requested by the plaintiffs prior to the upcoming Union election. In its effort to resolve this issue, the Court has been guided by the principles enunciated by the Supreme Court in *Local No. 82, Furniture and Piano Moving, Furniture Store Drivers, Helpers, Warehousemen and Packers v. Crowley*, 467 U.S. 526, 104 S.Ct. 2557, 81 L.Ed.2d 457 (1984). On the basis of those principles, the Court concludes that even if the plaintiffs had established their right to injunctive relief, and the Court has serious doubts that the plaintiffs have sustained this burden, it would be inappropriate at this time for the Court to grant the relief requested.

Under Title I of the LMRDA, 29 U.S.C. §§ 411–415, union members are guaranteed certain rights in the conduct of union affairs, including

> equal rights and privileges ... to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, [and]
>
> (2) ... the right to meet and assemble freely with other members, and to express any views, arguments, or opinions; and to express at meetings of the labor organization ... views upon candidates in an election of the labor organization or upon any business properly before the meeting....

29 U.S.C. § 411(a)(1) and (2). Title I also authorizes individual union members to commence civil actions in federal court to redress violations of the so-called union member's "Bill of Rights". *See* 29 U.S.C. § 412.

In contrast, Title IV of the LMRDA, 29 U.S.C. §§ 481–483, "provides an elaborate post-election procedure aimed solely at protecting union democracy through free

and democratic elections, with primary responsibility for enforcement lodged with the Secretary of Labor." *Local 82 v. Crowley,* 467 U.S. at 528, 104 S.Ct. 2559.

"Any union member who alleges a violation [of Title IV] may initiate the enforcement procedure. He must first exhaust any internal remedies available under the constitution and bylaws of his union. Then he may file a complaint with the Secretary of Labor, who 'shall investigate' the complaint. Finally, if the Secretary finds probable cause to believe a violation has occurred, he 'shall ... bring a civil action against the labor organization' in federal district court, to set aside the election if it has already been held, and to direct and supervise a new election."

*Id.* at 539–40, 104 S.Ct. at 2565 (quoting *Trbovich v. United Mine Workers,* 404 U.S. 528, 531, 92 S.Ct. 630, 632, 30 L.Ed.2d 686 (1972) (quoting 29 U.S.C. § 482)). In enacting Title IV and its enforcement provision, Congress expressed an "intent to consolidate challenges to union elections with the Secretary of Labor, and to have the Secretary supervise any new elections necessitated by violations of the Act." *Id.* 467 U.S. at 543, 104 S.Ct. at 2567. This intent sprang in part from a recognition that courts are ill-equipped to supervise union elections.

The issue before the Court in the present case is essentially the same as that addressed by the Supreme Court in *Local 82 v. Crowley* —namely, whether during the course of a union election, a federal district court can entertain a suit alleging violations of Title I of the LMRDA. In the opinion of this Court, *Local 82 v. Crowley* stands for the proposition that the Court has subject matter jurisdiction under 29 U.S.C. § 412 to entertain the suit, but the Court's authority to grant relief is somewhat circumscribed by the policy considerations underlying Title IV of the LMRDA. Thus, even when Title I violations are alleged and proven, the Court may only grant such relief as is appropriate to remedy the statutory violation and under no circumstances is invalidation of a pending election and court supervision of a new election an appropriate remedy. *See Local 82 v. Crowley,* 467 U.S. at 550–51, 104 S.Ct. at 2571.

Despite the plaintiffs' claims to the contrary, the relief they request would require this Court to invalidate the pending election and supervise a new election. Under the LMRDA and the *Local 82 v. Crowley* case, it would be inappropriate for the Court to grant such relief. Accordingly, the plaintiff's request for a temporary restraining order and/or a preliminary injunction is denied and the present action is dismissed. In dismissing the plaintiffs' claims, the Court wishes to point out that it is doing so because the relief sought by the plaintiffs is not "appropriate" within the meaning of 29 U.S.C. § 412. The Court expresses no opinion as to the effect of the plaintiffs' alleged failure to exhaust internal union remedies before commencing this action. Moreover, dismissal of this action in no way prejudices the plaintiffs' right to resort to LMRDA Title IV remedies after the election. Finally, the Union's request for an award of costs and attorney's fees is denied.

IT IS SO ORDERED.